The United States Court of Appeals for the Ninth Circuit is now in session. Good morning and welcome, counsel. Before we hear our first argued case, our panel wants to submit the following case of Leach v. Besignano. That case is now submitted on the briefs and we will hear our first argued case, which is the case of Hugh Sutherland v. Paul Waterford. I believe that Mr. Kodadek is first up representing the appellants. Mr. Kodadek, please proceed. Good morning, Your Honor, and may it please the Court, Jesse Kodadek on behalf of the Sutherlands. The modern understanding of property ownership is often framed as a bundle of rights or a bundle of sticks. An easement is one of those sticks. So I would like to start with the timing issue identified by the district court as it relates to the mine road easement and as it applies to the relation back doctrine. In April of 2022, I'm sorry, in April of 2002, Sagebrush entered into a contract for deed with Reber Knight, where Reber Knight agreed that if they satisfy the terms of the contract, a deed will be delivered in the future. They record a notice of purchaser's interest or an NPI. At that point, equitable title is vested in Reber Knight, but Sagebrush retains legal title, including to the mine road easement stick. A few months later, Sagebrush conveyed the property with the mine road easement to the Holts without reserving an easement, which we'll get to later. Let me just stop you right there if I may, counsel. If I understand correctly, Sagebrush recorded three different certificates of survey that showed an easement on mine road, which starts with the Sutherland's property, cuts through the Waterford's property and continues on to property held by non-parties. These three certificates of survey were recorded September 4, 2001, May 28, 2002, and July 2nd, 2002. It's my further understanding that the legal interest, not the equitable interest in the property was subsequently conveyed by a number of warranty deeds. And as you well know, warranty deeds have a specific meaning in Montana. Specifically, a warranty deed under Title 70, Chapter 21, is the strongest possible deed that can be given. It includes a precise legal description of the property. It conveys and warrants the right to convey good and marketable title. The buyer's ownership won't be disturbed by superior claims and a warranty to defend. Am I correct so far? You're correct so far, but the order of the warranty deeds is very important. And the recording statutes and the way notice works in Montana, we believe controls the outcome of this case. But those warranty deeds were recorded, right? The problem is that the Sagebrush to Heber Knight warranty deed was not recorded until after Sagebrush had sold what's now Sutherland's parcel to the Holtz without reserving an easement. And under Montana's race notice recording system, a purchaser like the Holtz have priority over earlier purchasers if the Holtz lack notice of the earlier conveyance and if they record their conveyance first. Here, there was no notice for the Holtz to take notice of because the Montana Supreme Court held unequivocally and towsely that a recorded NPI is not a conveyance that creates a legal property right. The recordings was when, 2007, is that correct? Yes, but the NPI was recorded in April of 2002. Then Sagebrush, which was the common owner of all these properties, sold what is now the Sutherland's property to the Holtz, also in 2002, a few months later in October of 2002. It wasn't until five years later that the Sagebrush to Heber Knight warranty deed was recorded. And it's our position that any deeds that were recorded later couldn't create a property interest in the Mine Road easement because Sagebrush, when it deeded the property to the Holtz, did not withhold that property right in the conveyance to the Holtz. And this gets to your issue about the escrow, right? You know, it does get to the issue about the escrow. And the relation back doctrine, first of all, the district court and Waterworth treat it as a general rule, but it's not. It's the exception and not the rule. And the California courts and the Montana courts have noted that it only applies when the intervening rights of third parties have not gotten in the way of the relation back doctrine. Let me, if I may challenge that, if I will, if I may. I found some Montana Supreme Court cases that seem to deal with the escrow question, specifically Blackmer versus Blackmer, which is 525 P. Second, 559. That's 1974. One really close Carahan versus Gupton, 96 P. Second, 513, Montana, 1939. And Claymole versus Keene, which is 247 P. 57, P. 54, 556, Montana, 1929, which seems to suggest that placing the deed in an escrow is a constructive notice. Now you can look up those cases. Nobody cited them. We found them, but I, but it seems to me that those cases make it pretty clear that by placing the deed in escrow, it was sufficient. There was constructive notice. And I didn't ask you this, but did your client or any client in the chain of title in the legal, not the equitable portion of the land, get either a CLTA policy of title insurance or an ALTA extended coverage policy of title insurance? Does the record show that? There's, it's not in the record, your honor. There's some discussion in the record about the, some of these certificates of survey were referenced in the Sutherland's title commitment, but the notice of purchasers interest and this, and the warranty deed to Reber Knight were not. I don't think that's relevant. A title insurance policy does not create a substantive right in any one instance. Well, but it puts the parties on notice. I'm astounded, frankly, that in this, if you will, wild country, we have these unusual frames of a lot of property that there wouldn't be title insurance involved. And if you're telling me that there was title insurance involved somewhere along the way, particularly with the warranty deed aspect of it, that would provide notice of the easement because exhibit A that everybody seems to agree shows where the easement runs down mine road. Everybody had notice of that. So here's the problem, your honor, in Towsley forecloses that conclusion. We believe because Towsley held in 2022, in a case that had an NPI identical to the one here, it said an NPI does not, is not a conveyance of property. It's only notice of potential future conveyance. So it doesn't presently create an easement. And this is important in the context of a contract for D because under Montana law, a vendor under contract for deed here, Sagebrush does not need to have the title that it promises to convey in the future at the conclusion of the contract. And even though, even though it gives a warranty deed and that warranty deed is placed in escrow, the purpose of the warranty deed as between those parties, when the, when this vendor under contract for deed is unable to deliver the promise title at the conclusion of the contract, when the purchase price is fully paid, that is the buyer in this case, Reber Knight now has a remedy in contract because the seller breached its promises under the contract for deed. And so also breached the promises in the warranty deed. Are you saying that in the first conveyance where the warranty deed was placed in escrow, that that seller did not have title to the land over which the easement flowed? Is that right? No, I'm sorry. I hope I'm not misunderstanding your question, your honor, but there, when the warranty deed was placed in escrow, there was no conveyance. The conveyance doesn't occur. And there was that exhibit a, which showed the easement. This is literally the exact same notice of purchaser's interest with reference to an easement occurred in Towsley. And the holding of Towsley is that that is insufficient to create an easement. Now it is true. How can that be, sir? I mean, you have an explicit description of an easement and it's in each one and it's described as such, and it runs from the top runs all the way down through parcel one and ultimately gets down to the lower road. It's described as an easement. The NPI, it's literally the exact same. An NPI is a creature statute in Montana, right? And Towsley looked at it and said, even if the exhibit attached, the legal description, so here exhibit a to the NPI contains language of conveyance, appears to contain language of conveyance. That doesn't mean that NPI is actually conveying that it's a promise to convey it in the future. And, but if there, if the vendor is unable to convey that in the future, that is not the problem of the Holtz. Here's the problem. The Holtz took under Towsley, the Holtz bought their property, which is now the Sutherlands. It wasn't until five years later that the Reber Knight warranty deed was recorded. I don't think the relation back doctrine stands through the rule that an intervening right of a third party, like the Holtz, they can buy a property, have it for five years. And then five years later, by virtue of an event uncertain to occur, which is the fulfillment of the contract for deed payments, that they now come in and have their, that stick, the right to exclude involuntarily taken away from them. There were many ways. What would happen if on the first deed that was the warranty deed was placed in escrow. And let's say that a month later, the payment was made. There would be no problem here, right? The relation back would occur. It's a, it's a, it's a question of timing of the recording. And if the conditions precedent to satisfy the equitable contract here had occurred within a one month of placing the warranty deed in escrow, we wouldn't even be talking about this, right? I don't think that's correct, Your Honor. Under the Montana Supreme Court case, Earl versus Pavex and the statute 70-21-304, which are cited on page 12 of our reply, the Montana Supreme Court makes clear that a purchaser like the Holt have priority if they record their deed first and they lack notice of an earlier conveyance. Here in Towsley, the Montana Supreme Court said the NPI is not the conveyance. The conveyance would happen by a future delivery of the warranty deed. It's stipulated here that the warranty deed wasn't released from escrow and recorded until 2007, by which point Sagebrush did not have the ability to convey an easement because they had sold the property to the Holts. So it gets down then to whether they had notice. There was, it gets down to whether they had notice of a conveyance. But the problem is, is the Montana Supreme Court, again, in Towsley said in NPI, not a conveyance. If Towsley hadn't happened in 2022 in a published opinion by the Montana Supreme Court, I wouldn't be here making this argument. But Towsley, along with Earl versus, Earl versus Pavex and the Montana recording statutes, compel the outcome that at the time Sagebrush sold the property to the Holts in 2002, just a few months after the NPI was recorded, Sagebrush parted with the ability to grant an easement in the future. And let me just give you an example of this, your honor. I could sell to you, for example, my house in town here in Montana and in the warranty deed, I could purport to grant you an easement over my neighbor's property, even if we border a county road or something. The clerk and recorder is going to take that warranty deed. They'll record it. They're not going to check it for legal sufficiency of an easement. But just because the warranty deed says I'm granting you an easement over some property I don't own, doesn't mean the easement is created. It's ineffectual. It's a nullity. And that is ultimately what the holding in Towsley compels in this case. And so you'd have to look to see if Sagebrush to Holt conveyance created an easement and it did not. Okay. Do you want to save any of your time? It's entirely up to you. I would like to save any time for rebuttal. Thank you. Very well. All right. Mr. Cockrell, please. Yes, sir. Thank you. Let me start off with the issue that you raised, your honor. There were three certificates of survey recorded. The first one, as you noted, was September 4th, 2001. And on that certificate of survey, all of what is now the Sutherland's property was identified as either Track 1 or Track 2. And at that point in time, the Mine Road easement, we all call it, was identified on there. And the location of Mine Road easement never changed on that certificate of survey. The second certificate of survey recorded May 28th, 2002, or the third recorded July 2nd, 2002, which was prior to the conveyance from Sagebrush to Holt. I'm sorry. Go ahead. Go ahead. Sorry. I wanted to know, what do we do with the escrow statute 70-1-511? That seems to govern the situation. And if we just apply that statute, then really, it's not effective until all the conditions are performed and until delivery of the poster is made, which didn't occur until 2007. No, 70-1-511 provides that delivery takes, or the document takes effect upon delivery to a third party. 70-1-512, subsection 2, which the district court noted, provides that delivery may be constructive, and constructive delivery to a third party applies in that situation. When it is delivered to the stranger, that is the escrow. Therefore, when this, the warranty deed was delivered to the escrow agent April 2002, and therefore, because constructive delivery occurred that day, delivery was effective that day. My question is, why resort to the constructive delivery statute when under the escrow statute, if I understand that correctly, title doesn't transfer until the conditions are met. Is there a conflict between the statutes there? And one seems to dictate one outcome, and then the other dictates a contrary outcome. What are we dealing with here? We're dealing with both legal title and equitable title, which Mr. Kododek raised at the beginning. Equitable title and legal title, they separated on the date the contract was signed. What you're dealing with there, I believe under 70-1-511 is legal title, and that's why Montana applied the relation back doctrine. Otherwise, you pay off a contract for deed, five years, 10 years, 20 years in the future. If the seller that sold you the property under the contract for deed no longer owns the property upon which it gave an easement, you end up with, I guess, for lack of better words, a pig in a poke. You did not get what you paid for. If I understand your answer correctly, under the escrow statute, legal title doesn't transfer until 2007, so you're relying on relation back doctrine back to 2002? Correct. And does relation back doctrine require exceptional circumstances? If so, what are the circumstances here that would trigger the application of relation back? The exceptional circumstances is Waterworth would have no easement over Mine Road via the contract for deed, which is in their chain of title, via the warranty deed, which is in their chain of title. They'd have no easement over Mine Road short of either the easement by reference doctrine, which we don't need to get to, or looking at the recorded certificates of survey. And as you know from the cases both parties cited, the recorded certificate of survey can create an easement. And here, the entire easement was shown on the 2001 certificate of survey 484308. It has been there prior to Sagebrush ever selling to Holtz or Sagebrush ever selling to... I just want to make sure that I understand your answer. So the exceptional circumstances here relates to the fact that there's notice and the parties could see from Exhibit A exactly where the easement ran? Yes, they can. Absolutely. And Exhibit A to NPI and the warranty deed describes where it starts. They actually use the word it begins from 8 Mile Road, describe where it goes through, through the now Sutherland property, they give it by legal. Those are sort of like equitable principles. What's your best case for applying the exceptional circumstances? Luxville-Miller, the California case. And as well as Calvin versus Custer County, which we cite in our brief, as well as the other Blumenthal case and the U.S. Supreme Court decision that we cite in our brief, but Luxville-Miller would be the best one, which is the one the district court noted in this case. Thank you, counsel. I'd be interested in your response to... I had cited three different Montana Supreme Court cases, which none of the parties cited here, but in Carnahan versus Gupton in a 1939 case, the Montana Supreme Court reviewed another predecessor to 70-1-511 with identical language to what the California case had. The court explained that, and I'm quoting, though there must be a delivery of a deed in order to best title, delivery may be made by placing the deed in escrow, pursuant to what is now Section 70-1-511. The court went on to state that, in quotes, actual manual delivery is not essential and constructive delivery is sufficient pursuant to the predecessor of 70-1-512, which has language identical to the present day condition. So from my perspective, the Montana Supreme Court has decided the issue that we're dealing with here in terms of the escrow. We don't even need to... I know the district court talked about a California statute that was substantially identical, but we have a Montana Supreme Court that seems to govern this issue, right? Assuming that what I read is accurate, isn't that correct? Assuming what you read is accurate, that is correct, your honor. I pulled up the case while you were discussing it, and I agree with the way you've read that case. You do not need actual delivery, which is why we have 70-1-512 subsection 2, which the district court noted. So you would not have to get to the relation back doctrine based upon your reading of that case. But alternatively, the relation back doctrine does apply, and for the reason I explained concerning the exceptional circumstance. The distinct... And I gather from your perspective that the issues that are primarily troubling here deal with the equitable portion of this. But from your perspective, the legal elements of this, the title was clear. The Exhibit A showed where it was. Everybody knew where it was. It was a warranty deed. This was delivered to escrow under Montana Supreme Court law. That's enough. Is that correct? That would be enough. They're on constructive notice pursuit in the case you discussed as well as Earl B. Pavek's. What are we to make of the Montana Supreme Court's decision in Towsley then? I just don't... I'm having trouble seeing how that case is different than this one. That case is substantially different, your honor. In Towsley, there was a notice of purchaser's In Towsley, however, the contract for deed was never completed and therefore the warranty deed never recorded. Legal title never was able to merge back with equitable title in Towsley because the contract for deed was not completed nor deed recorded. That is not our situation. The contract for deed was completed and the deed recorded. Moreover, in Towsley, the court said, and I respectfully disagree with my counsel, Towsley, the Supreme Court said a notice of purchase of interest may create, quote, an interest in property. It does not say it's transferring title. It may create an interest in property. When you look at 70-21-301 about what a conveyance is in the district court site 70-21-301, a conveyance embraces every instrument in writing by which an estate or interest affecting title occurs. In Scott Erler Dentistry versus Creative Consultants, which is also cited by the district court, a contract for deed under Montana law is an instrument in writing which affects title and therefore that NPI and the contract for deed did transfer and they created an interest in 2002. So Towsley, while it did discuss an NPI, was not the same situation here. Towsley, from your perspective, is very distinguishable from what we have here. It is. It is because the contract was never completed nor deed recorded, Your Honor. Moreover, in Towsley, it helps on this issue about whether this easement is adequately described, which is one of the arguments that Sutherland's made because, as you note in Towsley, they walk through the chain of title in that case. The Supreme Court actually walked through three certificates of survey. We have three certificates of survey in our case. However, unlike Towsley, the mine road easements description, 60-foot private road nexus, and utility easement, and its location never change. It's always been the same and it was originally platted in 2001 on all of the now Sutherland's property. Sutherland's also argued that they shouldn't be bound by this because they were not a party to the contract for deed. However, under Earl v. Pavex, because we have the same chain of title extending all the way from Holtz up through Sutherland, they're bound by every document and they're not treated as a stranger to that contract for deed. The Supreme Court's addressed that already in Earl v. Pavex and Scott Erdler, which I discussed earlier. Therefore, contrary to Sutherland's position, Holtz were not an intervening party in this sequence. They were just one in the title chain of the entire Sagebrush property, which at one point in time was both the Sutherland property and Waterworth property. And I don't want to beat a dead horse, Your Honor, because I think we've... Let me ask my colleague whether either has additional questions. I don't. How about you, Judge Wendt? No, in looking at the... Actually, I'm curious about something. So if you go south, then it looks like you're accessing a road and north access is a different road? Are you on the certificate of survey? I'm looking at exhibit A with the Mine Road. Are the roads both on the northern and then the southern end? No, the Eight Mile Road is on the southern end of Sutherland's property. Sutherland's goes, bounces up to Eight Mile Road. Mine Road, they're very close in name, Mine Road extends northeasterly from Eight Mile Road through the Sutherland's property to the southeastern corner of Waterworth property up to the Missoula County, Ravalli County border. And as we put in evidence where it ends is on state property. I see. State of Montana owned land at that point in time. So that's the two roads. They just basically go like that. Eight Mile Road is running almost east-west. Mine Road is running southeast, excuse me, southwest to northeast. We've got it. Thank you. Farewell. Thank you. Thank you. You have some rebuttal time. Thank you. I would first like to address Judge Wendt's question about whether the Reber-Knight warranty deed was constructively delivered when it was placed in escrow. It was not. The statute before the one you asked about, 70-1-510, says delivery of a deed must be absolute and it relieves the grantee of any further conditions. So if the deed had been constructively delivered, Reber-Knight would not have been compelled to make any additional payments. The constructed delivery happened when the escrow agent received the final payment and that is the moment the deed was effectively delivered, even if Sagebrush didn't take possession of it at the time. That's what constructive delivery is. Second, the fact that the Mine Road easement is shown on various certificates of survey is irrelevant. Just because an easement is shown on a certificate of survey doesn't mean it benefits any particular party or that it creates an adverse property interest against any particular property. In this case, the easement by reference doctrine is relevant because the only way that an easement can be created by reference to a certificate of survey is if the deed to a party, in this case the Holtz would be the relevant party, identifies a certificate of survey and it does. And it's only one certificate of survey and looking at that certificate of survey, you cannot tell who the intendant, dominant, and survey intendants are or the easement's use of necessity. Waterworth property is not even shown. It's not legally described on that easement, which is fatal under Blazer in every case since then. Finally, I would just like, I know I'm out of time, I would like to point the court to the statute that says conveyances are void if someone beats you to the courthouse. The only relevant transactions here are the deeds between Sagebrush and Reber Knight and Sagebrush and Holt. Nothing after that fact matters. And the Sagebrush to Reber Knight warranty deed was too late because the Holtz had already taken title to their property and Sagebrush lost the ability to convey an easement over property it no longer owned, which is what the Sutherlands now own. Okay. Thank you very much, both the council. Any other further questions by my colleagues? Thank you. I think not. All right. Thank you very much. The case just argued is submitted.
judges: SMITH, NGUYEN, THOMAS